IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. WOLF, JR.,

           Plaintiff,           Case No. 3:08-cv-349

vs.                                     Judge Thomas M. Rose

MICHAEL J. ASTRUE,           Magistrate Judge Michael R. Merz
Commissioner of Social Security,

           Defendant.

_____

**ENTRY AND ORDER GRANTING IN PART WOLF'S OBJECTIONS
(Doc. #16) TO THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (Doc. #15); REMANDING THIS CASE TO THE
COMMISSIONER FOR FURTHER CONSIDERATION CONSISTENT
WITH THIS ORDER AND TERMINATING THIS CASE**
_____

Plaintiff Robert E. Wolf, Jr. ("Wolf") initially filed an action in this Court seeking judicial review of a prior decision by the Commissioner denying his application for Social Security benefits. On August 8, 2009, United States Magistrate Judge Michael R. Merz filed a Report and Recommendations (doc. #15) recommending that the Commissioner's decision that Wolf was not disabled and, therefore, not entitled to benefits be affirmed. Wolf has filed objections to this Report and Recommendations. (Doc. #16) The time had run and the Commissioner has not responded. Wolf's objections are, therefore, ripe for decision.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #15) and in Wolf's Objections (doc. #16), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a

1

thorough review of the applicable law, this Court finds that this case should be remanded to the Commissioner for further consideration consistent with this Entry and Order.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478

F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ has failed to apply the correct legal standard with regard to the opinions of treating physicians Dr. Schear and Dr. Smith. A treating physician's opinion is given controlling weight when it is both well supported by medically acceptable data and if it is not inconsistent with other substantial evidence of record. *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004). If the opinion of a treating physician is not accorded controlling weight, an Administrative Law Judge ("ALJ") "must apply certain factors - namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source - in determining what weight to give the opinion." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009). In this case, the ALJ did not accord the opinion of treating physicians Dr. Schear and Dr. Smith controlling weight and did not address all of the above mentioned factors.

WHEREFORE, based upon the aforesaid, the Wolf's Objections to the Magistrate Judge's Report and Recommendations (doc. #16) regarding the opinions of Dr. Schear are GRANTED. The Commissioner's decision that Wolf was not disabled and therefore not entitled to Social Security benefits is VACATED and no finding is made as to whether Wolf is disabled. In addition, this case is REMANDED to the Commissioner for further consideration consistent with this Entry and Order.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division,

at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Sixth Day of October, 2009.

.                                         **s/Thomas M. Rose**
                                          _____
                                          JUDGE THOMAS M. ROSE
                                          UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record